

1  Michael E. Boyd
   5439 Soquel Drive
2  Soquel, CA 95073
   Phone: (408) 891-9677
3  E-mail: michaelboyd@sbcglobal.net
   In *Pro Per*
4

   **UNITED STATES DISTRICT COURT**
5  **NORTHERN DISTRICT OF CALIFORNIA**
   **SAN JOSE DIVISION**
6

7  **THE PEOPLE OF THE STATE OF**          Case No.: _____
   **CALIFORNIA,**                          (County of Santa Cruz Superior Court
8                                           Criminal Case No. 16-CR-08012)
           **Plaintiff,**
9
           **v.**
10
   **MICHAEL E. BOYD,**
11
           **Defendant.**
12                                          **NOTICE OF REMOVAL OF**
                                            **CRIMINAL ACTION TO FEDERAL**
13                                          **COURT UNDER 28 U.S.C. § 1455**
                                            **(FEDERAL JURISDICTION)**
14

15                                          **U.S. Land Patent -BLM Accession Number**
                                            **CACAAA 136945 (Patent final, 1881)**
16

17         NOTICE TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18  PLEASE TAKE NOTICE that defendant Michael E. Boyd (hereinafter "defendant")

19  hereby removes to this Court the state court action described below pursuant to 28

20  United States Code sections 1331, 1441, 1442, 1444, and 1455. A defendant desiring to

21  remove any criminal prosecution from a state court shall file in the district court of the

22  United States for the district and division within which such prosecution is pending a

23  notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure

24  and containing a short and plain statement of the grounds for removal, together with a

26

                                                            MICHAEL E. BOYD REMOVAL

copy of all process, pleadings, and orders served upon such defendant or defendants in such action. Defendant incorporates by reference Exhibits A, B, and C herein.

## STATEMENT OF GROUNDS FOR REMOVAL

1.    On December 1, 2016 defendant was arrested by the Santa Cruz County Sheriff's Office on defendant's fee simple titled property owned by defendant located at 5439 Soquel Drive, Soquel, California, 95073 and he was criminally charged on December 2, 2016 by plaintiff, The People of the State of California [AKA the State of California] at the behest of defendant's spouse and the case has now become removable under 28 U.S.C. §1455. *See* Exhibit A. Defendant requested to contact his legal counsel at least four times prior to during and after his arrest, and each time the arresting officer refused. At no time was defendant advised of his *Miranda Warning*, also known as being "Mirandized," which defendant alleges herein is clear and direct: "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney. If you cannot afford an attorney, one will be provided for you." The witness in defendant's case to the failure of plaintiff to Mirandized defendant is Carol Paramoure who was present at the time defendant was arrested and taken into custody. Defendant is already a Plaintiff currently litigating a case to quiet title to his Soquel Drive property where he was arrested and taken into custody, in a related case against the United States and the State of California, Case No.: 5:15-cv-03494-BLF, the pendant action is defendant's Verified Amended First Amended Complaint of Gross Negligence, Willful Misconduct, 42 U.S.C. § 1983 Violations, & Quiet Title [ECF 93] which Defendant incorporates by reference herein. Defendant alleges the California Superior Court lacks pendant jurisdiction in defendant's case this court alone maintains pendant jurisdiction.

MICHAEL E. BOYD  REMOVAL

2. On December 12, 2016 Plaintiff's spouse sent defendant an email that included "I called the ADA and he refused to drop the charges. He said that this is a criminal case and it is not up to me. He also refused to remove the restraining order. He said that this is up to the judge. He said that you committed a crime and have to deal with the consequences." *See* Exhibit B. Exhibit C is the complete copy of the existing case file for County of Santa Cruz Superior Court Criminal Case No. 16-CR-08012. Defendant alleges like all the other involved County of Santa Cruz employees, the ADA's refusal to drop the charges at Plaintiff's spouse's request, makes this particular individual ADA's actions to damage defendant, including but not limited to defendant's detention and arrest, these actions violated defendant's 42 U.S.C. § 1983 rights. Defendant alleges he has no motive to the adverse actions against his spouse as alleged in plaintiff's charges. Additionally plaintiff's actions against the defendant create an additional tort liability for their actions taken against defendant without any authority to do so in the first instance, due to his pending action against the State of California for Gross Negligence, Willful Misconduct already pending in the federal court. This suggests an additional cause is possible against the State of California for a pattern and practice of violating Michael E. Boyd's rights under color of state law. If allowed defendant asks any sanctions and damages determined herein be consolidated with the penalty phase of case 5:15-cv-03494-BLF, if such opportunity arises herein.

3. Sanctions have been imposed on the grounds that the attorney or litigant [either the plaintiff or the defendant] continued to pursue a baseless claim, in addition to neglecting their prefiling duty on that claim. See *Markel v. Scovill Mfg. Co.*, 657 F. Supp. 1102, 1112 (W.D.N.Y. 1987); *Jackson- Colley v. Army Corps of Eng'rs*, 655 F. Supp. 122, 135-36 (E.D. Mich. 1987); *Barlow v. McLeod*, 666 F. Supp. 222, 229 (D.D.C. 1986).

Defendant is in reliance of *Basch,* 777 F.2d at 173-74. Defendant's understanding is this action's removal is necessary for him to comply with Rule 11 of the Federal Rules of Civil Procedure no matter what the court decides on the charges filed. Defendant's reliance is on *Basch v. Westinghouse Elec. Corp.,* 777 F.2d 165 (4th Cir. 1985), *cert. denied,* 476 U.S. 1108 (1986), where the court sanctioned an attorney under Rule 11 and Federal Rule of Civil Procedure 37(d) (which authorizes sanctions for failure to answer interrogatories) because a delay in amending his response to interrogatories caused his opponent to incur extra defense costs. *See Basch,* 777 F.2d at 173-74. Thus <u>a continuing obligation was imposed on an attorney in the form of a duty to inform</u> an opponent of an important development in a litigation. *Id*

4.      Defendant alleges his is a particular and specific type of private property ownership abrogating Eleventh Amendment immunity from § 1983 claims, namely, ownership where title is clearly traceable back to a Mexican Land Grant and is held by a United States Land Patent.[1] The private property at issue is owned in fee simple by the Plaintiff.   Plaintiff's Land Patent was confirmed prior to Congress or the State of California creating any relevant statutory constructs. A case that may be relevant to plaintiff's charges herein is that under the authority of *Summa Corp. v. California* (1984) 466 U. S. 198, finding the State's public trust easement only exists over lands to which the State acquired title by virtue of its sovereignty upon admission to the United States, the conundrum in Plaintiff's case being, because of his land patent for the Soquel property all involved public entities lack sovereignty over said properties in the first instance. The confirmation of the land patents prior to adoption by Congress then of Section 1983 of

---

[1] As set forth herein, the original title holders held their ownership by virtue of a land grant issued to them when California was part of Spanish Mexico. After the Mexican - American war, when California became a Territory of the United States, they obtained a United States land patent that was required to perfect their title under the laws of the United States.

Title 42 of the U.S. Code formerly enacted as part of the Ku Klux Klan Act of 1871, prior to the Federal Tort Claims Act of 1946, and that prior to the California Tort Claims Act of 1963, which suggests there exists a waiver of any sovereign or statutory immunities of the involved public entities from liability where individual employees themselves may be immune. In such instances, it is unclear if individual employees are even immune as alleged herein; they are not.

5.      Defendant cites 28 U.S.C. §1331 as authority for removal. §1331 states that "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The treaty on which Defendant is relying is the 1848 Treaty of Guadalupe Hidalgo.

6.      Defendant also cites 28 U.S.C. §1441 which allows for removal based on diversity of citizenship, claims arising under the Constitution law or treaties of the United States, and actions against foreign states. Because pursuant to §1441 (a) "Generally, Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In this case Defendant alleges his land title and usage there under is subject to the jurisdiction of the district courts of the United States; not the State of California [AKA, The People of the State of California].

7.      Defendant cites 28 U.S.C. §1442 as authority for removal. 28 U.S.C. §1442 allows for removal to federal court if the civil action is commenced in a State court and is against or directed to the United States, any agency thereof or any officer of the United States, or a property holder whose title is derived from any such officer where such action

MICHAEL E. BOYD  REMOVAL

affects the validity of any law of the United States. Once title to said property is positively adjudicated in favor of defendant by this court his possession of a BLM certified copy of a land patent issued by the Board of Land Commissioners are a quitclaim deed from the government of the United States and the State of California to which Plaintiff Santa Cruz County is a subdivision of the State of California to the Defendant, by which all other interests in the land that might be possessed by the United States or the public are relinquished and/or extinguished.

8.      Defendant cites 28 U.S.C. §1444 as authority for removal. 28 U.S.C. §1444 states that a civil action brought under section 2410 ("Actions Affecting Property on which United States has Lien") and *against* the United States may be removed to the District Court of the United States. Defendant argues that any lien against Defendant's land patented property is a collateral attack on the United States, and the land patent which is a type of contract with the United States.  Case law on Land Patents and collateral attack supports that Land Patents are immune from collateral attack: *Beadles v. Smyser*, 209 U.S. 393; 28 S. Ct. 522; 58 L.Ed. 844 (1908);  *Hooper v. Schiemer*, 64 U.S. (23 *How*) 235 (1859).

9.      Pursuant to 28 U.S.C. §1455(a)  "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." U.S.C. §1455(a) (1) "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time

before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

10.    This action is a criminal action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §§ 1441, 1442, 1444, and 1455.

11.    Defendant seeks damages, injunctive relief, sanctions as appropriate against plaintiff, and attorney's fees.

### CERTIFICATE OF COMPLIANCE TO RULE 11 OF MICHAEL E. BOYD

I am a defendant in the above-entitled action. I have read the foregoing NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1455 (FEDERAL JURISDICTION) and Exhibit A, B, and C therein and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this is a declaration thereto.

*Michael E. Boyd*
Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net

1

# Exhibit A Page 1

2   Boyd, Michael Edward
    Case Number
3   File Date
    16CR08012
4   12/2/2016      Misdemeanor / Infraction      Active

5   16CR08012 - The People of the State of California vs. Michael Boyd
    Case Information
6
    Case Number: 16CR08012
7   Court: Criminal
    File Date: 12/02/2016
8   Case Type: Misdemeanor / Infraction
    Case Status: Active
9   Party Information

10  Plaintiff: The People of the State of California

11  Active Attorneys
    Lead Attorney:
12  McCormick, Conor

13  _____

    Defendant: Boyd, Michael Edward
14
    Active Attorneys
15  Lead Attorney:
    Smith, Dennis Wm
16  Retained

17  _____
    Charge Information

18  Charges: Boyd, Michael Edward

19          Description      Statute Level  Date
            PC273.5-M-INFLICT INJURY/SPOUSE    273.5  Misdemeanor  12/01/2016
20          PC236-M-FALSE IMPRISONMENT         236    Misdemeanor  12/01/2016

21
    Disposition Events Information
22

23

24

28

MICHAEL E. BOYD  REMOVAL

**Exhibit A Page 2**

12/06/2016 Plea
Judicial Officer: Guy, Denine
Defendant: Boyd, Michael Edward
Charge Offense Description   Description
PC273.5-M-INFLICT INJURY/SPOUSE      Not Guilty
PC236-M-FALSE IMPRISONMENT         Not Guilty


Other Events and Hearings Information

12/02/2016 Bail Bond Filed
12/02/2016 Home Court Designation
12/02/2016 Complaint Filed
12/02/2016 Domestic Violence Filing
12/06/2016 General Time Waiver
12/06/2016 Minute Order
12/06/2016 Criminal Protective Order Issued
12/06/2016 Arraignment
Judicial Officer: Guy, Denine
Hearing Time: 8:30 AM
Result: Held
Parties Present
Plaintiff: The People of the State of California
Assistant District Attorney: McCormick, Conor
Defendant: Boyd, Michael Edward
12/14/2016 Request/Order to Calendar
12/16/2016 Minute Order
12/16/2016 Modification Hearing
Judicial Officer: Baskett, Kim
Hearing Time: 8:30 AM
Result: Held
Parties Present
Defendant: Boyd, Michael Edward
Attorney: Smith, Dennis Wm
12/19/2016 Criminal Protective Order Issued
01/05/2017 Pretrial Conference
Judicial Officer: Guy, Denine
Hearing Time: 10:00 AM

MICHAEL E. BOYD  REMOVAL

**Exhibit B**

On Mon, Dec 12, 2016 at 10:44 AM, Patricia Paramoure <patsunicorn@sbcglobal.net> wrote:

I called the ADA and he refused to drop the charges. He said that this is a criminal case and it is not up to me. He also refused to remove the restraining order. He said that this is up to the judge. He said that you committed a crime and have to deal with the consequences.

He said that I could come talk to the judge on your behalf next time you go to court. He asked if I would like to push the court date up to the end of this week so that we could at least see each other over Christmas. I don't know if this is ok with you. He is supposed to call me back and will call your lawyer about a new court date, at the end of the week. You might want to talk to your lawyer about this, to give him a heads up, and also your lawyer is giving you some wrong information. We are allowed peaceful electronic contact but we cannot see each other.

He wants you to do a domestic violence class.

MICHAEL E. BOYD  REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
28

**Exhibit C**

MICHAEL E. BOYD  REMOVAL



# Superior Court of California, Santa Cruz
# MINUTE ORDER

| | |
|---|---|
| The People of the State of California<br>vs<br>Michael Boyd | **Case No.: 16CR08012**<br>Arrest No.: 1609567<br>8:30 AM  Modification Hearing<br>**Custody Status:**<br>Out of Custody |

December 16, 2016
Heard By:   Baskett, Kim
Courtroom Reporter:    Electronic Court Reporter

Location:   Santa Cruz Department 2
Courtroom Clerk:   Georgina Robles

Court Interpreter:

**Parties Present:**

**Future Hearings:**

Boyd, Michael Edward          Defendant
Smith, Dennis Wm                Attorney

January 05, 2017 10:00 AM Pretrial Conference
Guy, Denine
Santa Cruz Department 2

**Case Events:**

-

**Journal Entries:**

- N. Sympson appearing for C. McCormick.
Criminal Protective Order Modified

**Custody Status:**

Boyd, Michael Edward
December 16, 2016
- Defendant remains released on Bail Bond

Georgina Robles

CR-160

| | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 70.1 OCEAN ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA CRUZ, CA  95060
BRANCH NAME:

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.
DEFENDANT: MICHAEL EDWARD BOYD

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS - CPO)** (Pen. Code, §§ 136.2, 1203.097(a)(2),
136.2(i)(1), 273.5(j), 368(l), and 646.9(k))

☒ ORDER UNDER PENAL CODE, § 136.2    ☐ MODIFICATION
☐ PROBATION CONDITION ORDER (Pen. Code, § 1203.097)
ORDER UNDER:    ☒ PENAL CODE, § 136.2(i)(1)    ☐ PENAL CODE, § 273.5(j)
                ☐ PENAL CODE, § 368(l)    ☐ PENAL CODE, § 646.9(k)

FOR COURT USE ONLY

F I L E D

DEC 16 2016

ALEX CALVO, CLERK
BY _____
DEPUTY, SANTA CRUZ COUNTY

CASE NUMBER:
16CR08012

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED (complete name):
Sex: ☒ M   ☐ F   Ht: 6'4   Wt: 225 Hair color: BR   Eye color: HAZ Race: W   Age: 59 Date of birth: 9/21/57

1. This proceeding was heard on (date): 12/16/16   at (time): 9:00   in Dept: 2   Room: _____
   by judicial officer (name): COMMISSIONER BASKETT
2. This order expires on (date): _____ . If no date is listed, this order expires three years from date of issuance.
3. ☐ Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.
4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON:
   PATRICK PARAMOURE -FEMALE - 1/7/65
5. ☐ For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:
6. ☐ The court has information that the defendant owns or has a firearm or ammunition, or both.
   GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT
7. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.
8. must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.
   ☐ The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for (date): _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)
   ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm (specify make, model, and serial number of firearm):
9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.
10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise.   ☐ The court finds good cause not to make the order in item 10.
11. ☐ must be placed on electronic monitoring for (specify length of time): _____ . (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(2).)
12. ☐ must have no personal, electronic, telephonic, or written contact with the protected persons named above.
13. ☐ must have no contact with the protected persons named above through a third party, except an attorney of record.
14. ☐ must not come within _____ yards of the protected persons and animals named above.
15. ☐ must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.
16. ☒ may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. ☐ the Family, Juvenile, or Probate court order in case number: _____ issued on (date): _____
    b. ☐ any Family, Juvenile, or Probate court order issued after the date this order is signed.
17. ☒ The protected persons may record any prohibited communications made by the restrained person.
18. ☐ Other orders including stay-away orders from specific locations:

Executed on: 12·16·16
(DATE)
_____ (SIGNATURE OF JUDICIAL OFFICER)
Department/Division: _____

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. July 1, 2016]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS—CPO)**

Penal Code, §§ 136.2, 166, 1203.097(a)(2),
273.5(j), 368(l), 646.9(k), and 136.2(i)(1)
www.courts.ca.gov

# WARNINGS AND NOTICES

1. **VIOLATION OF THE ORDER IS SUBJECT TO CRIMINAL PROSECUTION.** Violation of this protective order may be punished as a misdemeanor, a felony, or a contempt of court. Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both. Traveling across state or tribal boundaries with the intent to violate the order may be punishable as a federal offense under the Violence Against Women Act, 18 U.S.C. § 2261(a)(1) (1994).

2. **NOTICE REGARDING FIREARMS.** Any person subject to a protective order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person subject to these orders must relinquish any firearms (by surrendering the firearm to local law enforcement, or by selling or storing it with a licensed gun dealer) and not own or possess any firearms during the period of the protective order. (Pen. Code, § 136.2(d).) Under federal law, the issuance of a protective order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms and ammunition. A violation of this prohibition is a separate federal crime.

   Specified defendants may request an exemption from the firearm relinquishment requirements stated in item 8 on page 1 of this order. *The court must check the box under item 8 to order an exemption from the firearm relinquishment requirements.* If the defendant can show that the firearm is necessary as a condition of continued employment, the court may grant an exemption for a particular firearm to be in the defendant's possession only during work hours and while traveling to and from work. If a peace officer's employment and personal safety depend on the ability to carry a firearm, a court may grant an exemption that allows the officer to carry a firearm on or off duty, but only if the court finds, after a mandatory psychological examination of the peace officer, that the officer does not pose a threat of harm. (Code Civ. Proc., § 527.9(f).)

3. **ENFORCING THIS ORDER IN CALIFORNIA**
   - This order must be enforced in California by any law enforcement agency that has received the order or is shown a copy of the order or has verified its existence on the California Law Enforcement Telecommunications System (CLETS).
   - Law enforcement must determine whether the restrained person had notice of the order. If notice cannot be verified, law enforcement must advise the restrained person of the terms of the order and, if the restrained person fails to comply, must enforce it (Fam. Code, § 6383.)

4. **CONFLICTING ORDERS-PRIORITIES FOR ENFORCEMENT**
   If more than one restraining order has been issued, the orders must be enforced according to the following priorities:
   a. *Emergency Protective Order:* If one of the orders is an Emergency Protective Order (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders. (Pen. Code, § 136.2(c)(1)(A).)
   b. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
   c. *Criminal Order:* If none of the orders include a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
   d. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

5. **CERTIFICATE OF COMPLIANCE WITH VIOLENCE AGAINST WOMEN ACT (VAWA).** This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994). This court has jurisdiction over the parties and the subject matter, and the restrained person has been afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, and shall be enforced as if it were an order of that jurisdiction.

6. **EFFECTIVE DATE AND EXPIRATION DATE OF ORDERS**
   - These orders are effective as of the date they were issued by a judicial officer.
   - These orders expire as ordered in item 2 on page 1 of this order, or as explained below.
   - Orders under Penal Code section 136.2(a) are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a county jail or state prison commitment. (See *People v. Stone* (2004) 123 Cal.App.4th 153.)
   - Orders issued under Penal Code sections 136.2(i)(1), 273.5(j), 368(*l*), and 646.9(k) are valid for up to 10 years and may be issued by the court whether the defendant is sentenced to state prison or county jail or if imposition of sentence is suspended and the defendant is placed on probation.
   - Orders under Penal Code section 1203.097(a)(2) are probationary orders, and the court has jurisdiction as long as the defendant is on probation.
   - To terminate this protective order, courts should use form CR-165, *Notice of Termination of Protective Order in Criminal Proceeding (CLETS).*

7. **CHILD CUSTODY AND VISITATION**
   - Child custody and visitation orders may be established or modified in Family, Juvenile, or Probate court.
   - Unless box a or b in item 16 on page 1 is checked, contact between the restrained and protected persons permitted by a Family, Juvenile, or Probate court order for child custody or visitation must not conflict with the provisions of this order.
   - If box a or b in item 16 on page 1 is checked, the restrained and protected persons should always carry a certified copy of the most recent child custody or visitation order issued by the Family, Juvenile, or Probate court.

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE
(CLETS—CPO)**

SUPERIOR COURT OF CALIFORNIA
County of Santa Cruz

THE PEOPLE OF THE STATE OF CALIFORNIA,

Dept: <u>2</u>

-vs-



MICHAEL EDWARD BOYD

Defendant (s)

Case No: <u>16CR08012</u>

**REQUEST AND ORDER
TO CALENDAR CASE**

ALEX CALVO, CLERK
BY TERESA VEGA
DEPUTY, SANTA CRUZ COUNTY

DOB: <u>08/26/1967</u>

Date: <u>December 12, 2016</u>

□ Pending Court Date: <u>12/16/2016</u>

Good cause appearing from the oral/written request of <u>Assistant District Attorney</u> Conor L. Mccormick, the above-referenced case is ordered to be on calendar for the following reason ( s )  :

□ Appearance after issuance    □ Conflict of counsel    □ Calendar with civil matter
  of warrant
□ Calendar with felony matter    □ Calendar with misdemeanor matter
                                 □ District Attorney's request for late filing of new criminal complaint

☒ Modification of Protective Order        □ probation  □ conditional sentence  □ sentence

Re: _____

□ Arraignment on Violation of Probation/Conditional Sentence for:

□ Testing positive for _____    □ Absconding   □ New offense

□ Failure to _____

□ _____

Defendant is:  □ in custody  □ not in custody      □ Defendant has bench warrant outstanding

Defendant was  □ notified by letter mailed _____   □ advised orally on _____

Bail bond, cash bail or property bond has been posted on this case  □ Yes  □ No

Opposing counsel <u>Dennis Smith</u> was notified of this request on <u>12/12/2016</u> by:

□ telephone call    ☒ e-mail ( sanjoselawsmith@aol.com)      □ in person    □ first-class mail

ORDER

□ District Attorney's request for late filing of a new criminal complaint is granted.

Set case on calendar _____<u>12/16/2016</u>_____ at ___<u>8:30 a.m.</u>___ in Dept ___<u>2</u>___
                         ( Date)                        ( Time)
□ Bench Warrant/Warrant of Arrest is ordered recalled. _____
                                                        Judges Initials

□ Date of _____, set for _____ at _____ in Dept ___, is ordered vacated.

Dated: _12/13/16_   Time: __4__   _____
                                                    JUDGE

SUP CR.205 (Rev. 3/13) DAO: C:\Users\dat152\AppData\Local\Temp\DOC1C7F.tmp

FILED
SUPERIOR COURT
OF CALIFORNIA
SANTA CRUZ

16 DEC 14 AM 8: 57



**Superior Court of California, Santa Cruz**
**MINUTE ORDER**

| | |
|---|---|
| The People of the State of California<br>vs<br>Michael Boyd | **Case No.: 16CR08012**<br>Arrest No.: 1609567<br>8:30 AM Arraignment<br>**Custody Status:**<br>Out of Custody |

December 06, 2016
Heard By: Guy, Denine
Courtroom Reporter: Electronic Court Reporter

Location: Santa Cruz Department 2
Courtroom Clerk: Georgina Robles

Court Interpreter:

**Parties Present:**

Boyd, Michael Edward      Defendant
McCormick, Conor           Assistant District
                                        Attorney

**Future Hearings:**

January 05, 2017 10:00 AM Pretrial Conference
Guy, Denine
Santa Cruz Department 2

---

**Case Events:**

- General Time Waiver

**Journal Entries:**

- Criminal Protective Order Issued.
Shaneen Porter appearing for Dennis Smith.
Defendant is ordered to be personally present at next hearing date.

Plea Date: December 06, 2016
    001. PC273.5-M-INFLICT INJURY/SPOUSE
    Plea: Not Guilty
    002. PC236-M-FALSE IMPRISONMENT
    Plea: Not Guilty

**Custody Status:**

Boyd, Michael Edward
December 06, 2016
- Defendant remains released on Bail Bond

Georgina Robles

**CR-160**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 701 OCEAN STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA CRUZ, CA 95060<br>BRANCH NAME: SUPERIOR COURT OF SANTA CRUZ COUNTY | **FILED**<br>DEC 06 2016<br>ALEX CALVO CLERK<br>BY GEORGINA HOSLER<br>DEPUTY, SANTA CRUZ COUNTY |

| PEOPLE OF THE STATE OF CALIFORNIA |
| vs. |
| DEFENDANT: MICHAEL EDWARD BOYD |

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
(CLETS - CPO) (Pen. Code, §§ 136.2, 1203.097(a)(2),
136.2(i)(1), 273.5(j), 368(l), and 646.9(k))

[X] ORDER UNDER PENAL CODE, § 136.2          [ ] MODIFICATION
[ ] PROBATION CONDITION ORDER (Pen. Code, § 1203.097)
ORDER UNDER: [ ] PENAL CODE, § 136.2(i)(1)    [ ] PENAL CODE, § 273.5(j)
             [ ] PENAL CODE, § 368(l)         [ ] PENAL CODE, § 646.9(k)

CASE NUMBER: **16CR08012**

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED (complete name): MICHAEL EDWARD BOYD
Sex: [x] M [ ] F  Ht: 6'4  Wt.:225  Hair color: BROWN  Eye color: HAZ  Race: W  Age: 59  Date of birth: 09/26/1957

1. This proceeding was heard on (date): 12/06/2016  at (time): 8:30am  in Dept.: 2  Room:
   by judicial officer (name): *Denine Guy*

2. **This order expires on (date):** _____ . If no date is listed, this order expires three years from date of issuance.

3. [X] Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.

4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON: PATRICIA PARAMOURE - FEMALE - DOB 01/07/1965

5. [ ] For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:

6. [ ] The court has information that the defendant owns or has a firearm or ammunition, or both.

GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT

7. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

8. must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.

   [ ] The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for (date): _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)

   [ ] The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm (specify make, model, and serial number of firearm):

9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. [ ] The court finds good cause not to make the order in item 10.

11. [ ] must be placed on electronic monitoring for (specify length of time): _____ (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(2).).

12. [ ] must have no personal, electronic, telephonic, or written contact with the protected persons named above.

13. [ ] must have no contact with the protected persons named above through a third party, except as an attorney of record.

14. [X] must not come within *100* yards of the protected persons and animals named above.

15. [ ] must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.

16. [ ] may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. [ ] the Family, Juvenile, or Probate court order in case number: _____ issued on (date): _____
    b. [ ] any Family, Juvenile, or Probate court order issued after the date this order is signed.

17. [X] The protected persons may record any prohibited communications made by the restrained person.

18. [X] Other orders including stay-away orders from specific locations: *5439 Soqvel, Soqvel, CA 95073*

Executed on: *12/6/16*  _____ (SIGNATURE OF JUDICIAL OFFICER)  Department/Division:

(DATE)

*Pre-arranged civil standbys are Acceptable*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-160 [Rev. July 1, 2016]<br>Approved by Department of Justice | **CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**<br>**(CLETS—CPO)** | Page 1 of 2<br>Penal Code, §§ 136.2, 166, 1203.097(a)(2),<br>273.5(j), 368(l), 646.9(k), and 136.2(i)(1)<br>www.courts.ca.gov |

CR-160

# WARNINGS AND NOTICES

1. **VIOLATION OF THE ORDER IS SUBJECT TO CRIMINAL PROSECUTION.** Violation of this protective order may be punished as a misdemeanor, a felony, or a contempt of court. Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both. Traveling across state or tribal boundaries with the intent to violate the order may be punishable as a federal offense under the Violence Against Women Act, 18 U.S.C. § 2261(a)(1) (1994).

2. **NOTICE REGARDING FIREARMS. Any person subject to a protective order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person subject to these orders must relinquish any firearms (by surrendering the firearm to local law enforcement, or by selling or storing it with a licensed gun dealer) and not own or possess any firearms during the period of the protective order. (Pen. Code, § 136.2(d).) Under federal law, the issuance of a protective order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms or ammunition. A violation of this prohibition is a separate federal crime.**

   Specified defendants may request an exemption from the firearm relinquishment requirements stated in item 8 on page 1 of this order. *The court must check the box under item 8 to order an exemption from the firearm relinquishment requirements.* If the defendant can show that the firearm is necessary as a condition of continued employment, the court may grant an exemption for a particular firearm to be in the defendant's possession only during work hours and while traveling to and from work. If a peace officer's employment and personal safety depend on the ability to carry a firearm, a court may grant an exemption that allows the officer to carry a firearm on or off duty, but only if the court finds, after a mandatory psychological examination of the peace officer, that the officer does not pose a threat of harm. (Code Civ. Proc., § 527.9(f).)

3. **ENFORCING THIS ORDER IN CALIFORNIA**
   - This order must be enforced in California by any law enforcement agency that has received the order or is shown a copy of the order or has verified its existence on the California Law Enforcement Telecommunications System (CLETS).
   - Law enforcement must determine whether the restrained person had notice of the order. If notice cannot be verified, law enforcement must advise the restrained person of the terms of the order and, if the restrained person fails to comply, must enforce it. (Fam. Code, § 6383.)

4. **CONFLICTING ORDERS-PRIORITIES FOR ENFORCEMENT**
   **If more than one restraining order has been issued, the orders must be enforced according to the following priorities:**
   a. *Emergency Protective Order:* If one of the orders is an Emergency Protective Order (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders. (Pen. Code, § 136.2(c)(1)(A).)
   b. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
   c. *Criminal Order:* If none of the orders include a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
   d. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

5. **CERTIFICATE OF COMPLIANCE WITH VIOLENCE AGAINST WOMEN ACT (VAWA).** This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994). This court has jurisdiction over the parties and the subject matter, and the restrained person has been afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, and shall be enforced as if it were an order of that jurisdiction.

6. **EFFECTIVE DATE AND EXPIRATION DATE OF ORDERS**
   - These orders are effective as of the date they were issued by a judicial officer.
   - These orders expire as ordered in item 2 on page 1 of this order, **or as explained below.**
   - Orders under Penal Code section 136.2(a) are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a county jail or state prison commitment. (See *People v. Stone* (2004) 123 Cal.App.4th 153.)
   - Orders issued under Penal Code sections 136.2(i)(1), 273.5(j), and 646.9(k) are valid for up to 10 years and may be issued by the court whether the defendant is sentenced to state prison or county jail or if imposition of sentence is suspended and the defendant is placed on probation.
   - Orders under Penal Code section 1203.097(a)(2) are probationary orders, and the court has jurisdiction as long as the defendant is on probation.
   - To terminate this protective order, courts should use form CR-165, *Notice of Termination of Protective Order in Criminal Proceeding (CLETS).*

7. **CHILD CUSTODY AND VISITATION**
   - Child custody and visitation orders may be established or modified in Family, Juvenile, or Probate court.
   - Unless box a or b in item 16 on page 1 is checked, contact between the restrained and protected persons permitted by a Family, Juvenile, or Probate court for child custody or visitation must not conflict with the provisions of this order.
   - If box a or b in item 16 on page 1 is checked, the restrained and protected persons should always carry a certified copy of the most recent child custody or visitation order issued by the Family, Juvenile, or Probate court.

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE (CLETS - CPO)**

WARNING: THIS FORM CONTAINS "UV" FIBERS, MICROPRINT SIGNATURE LINES, BLUE BACKGROUND AND A SECURITY VOID BACKGROUND PATTERN

**Accredited**

## POWER OF ATTORNEY
ACCREDITED SURETY AND CASUALTY COMPANY, INC.
4798 New Broad Street, Suite 200 • Orlando, FL 32814 • 800-452-2799 • www.accredited-inc.com

THIS POWER EXPIRES IF NOT USED BY: **December 31, 2016**

| POWER NUMBER |
| --- |
| **AC-00886741** |

| POWER LIMIT |
| --- |
| **$27,000.00** |

KNOW ALL MEN BY THESE PRESENTS THAT ACCREDITED SURETY AND CASUALTY COMPANY, INC., a corporation duly organized and existing under the laws of the State of Florida and by the authority of a resolution adopted by the Board of Directors, does hereby make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for, if and in its name, place and steal, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. If Authority of such Attorney-in-Fact is limited to appearance bonds only and cannot be construed to guarantee defendant's future and lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with a bail bond only. Not valid if used in connection with Federal or Immigration Bonds. A separate Power of Attorney must be attached to each bond executed. This power should not alter or erase. If used with other powers of this company or in combination with powers from any other surety company, or if used to furnish bail in excess of the stated face amount of this power. This Power of Attorney must be filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in the blank name of the person on whose behalf this bond was given.

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF: **TWENTY-SEVEN THOUSAND ($27,000.00) DOLLARS**

Date Executed Month: 12        Day: 1        Year: 20 16

Bond Amount $25,000

Gross Premium Charged $2,500

Defendant Boyd Michael Edward

DOB 9.26.1957        SS # (if Required)

Appearance Date & Time 12.6.16  9:15 am

State CA        City Santa Cruz

County Santa Cruz        Court Superior

Case # On View

Offense PC 273.5   PC 236

Agent Name (Printed) Raul Castaneda

Agent Signature _____

ASC-351(1/14)        COURT COPY – ORIGINAL

IN WITNESS WHEREOF, said ACCREDITED SURETY AND CASUALTY COMPANY, INC. by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President, on this 20th day of November 2013.

_Deborah Snow_
Deborah Snow, President

(SEAL)

FOR STATE USE ONLY
NOT VALID FOR IMMIGRATION OR FEDERAL BONDS.

Agent
License No. _LGY3496_



**Accredited**
Surety and Casualty Company, Inc.
www.accredited-inc.com

Accredited Surety and Casualty Company, Inc.
P.O. Box 140855 • Orlando, FL 32814-0855
4798 New Broad Street • Suite 200 • Orlando, FL 32814
A Randall & Quilter Group Company

FILED
SUPERIOR COURT
OF CALIFORNIA
16 DEC -2 AM 10: 24

**Aardwolf Bail Bonds**
**P.O.Box 4198**
**Santa Cruz, CA 95063**
**831-425-5139**

(PLACE BAIL AGENT'S ADDRESS STAMP HERE)

## BAIL BOND

NO. AC-00 896741
(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

IN THE _Superior_ COURT OF THE _Santa Cruz_ JUDICIAL DISTRICT
COUNTY OF _Santa Cruz_ , STATE OF CALIFORNIA.

THE PEOPLE OF THE STATE OF CALIFORNIA.

CASE NO. _on view_

_____ Plaintiff,

DIV. NO. _____

_Boyd, Michael_ vs. _Edward_

Defendant

Defendant _Boyd, Michael Edward_ _B·547334_
(NAME OF DEFENDANT)                                              (BOOKING NO.)

having been admitted to bail in the sum of _Twenty five Thousand_

_____ Dollars ($ _25,000—_ ) and ordered to appear in the above-entitled court, on

_12_     _6_     _16_ , at _8:15_ _A_ .m. on _PC 273.5    PC 236_ charge/s;
MONTH   DAY    YEAR        TIME                  (UNDERLINE "MISDEMEANOR" OR "FELONY")

Now, the ACCREDITED SURETY AND CASUALTY COMPANY, INC., a Florida Corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her or in duly authorized amendments thereof, in whatever court it may be filed and prosecuted, and will at all times hold himself/herself amendable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation, or if he/she fails to perform either of these conditions, that the ACCREDITED SURETY AND CASUALTY COMPANY, INC., a Florida Corporation, will pay to the people of the State of California the sum of _Twenty five Thousand_ dollars ($ _25,000—_ ), subject to applicable legal provisions.

If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said ACCREDITED SURETY AND CASUALTY COMPANY, INC., a Florida Corporation, for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code.

| THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO, OR IF MORE THAN ONE SUCH POWER IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY. |

**ACCREDITED SURETY AND
CASUALTY COMPANY, INC.**
**(A Florida Corporation)**

By _Deborah Snow_
Deborah Snow, President

(SEAL)

I certify under penalty of perjury that I am a licensed bail agent of the ACCREDITED SURETY AND CASUALTY COMPANY, INC. and that I am executing this bond on

_12-1-16_
(DATE)

at _Santa Cruz CA_
(LOCATION)

_Lic# 1843484_ _____(SIGNATURE OF LICENSED AGENT)

| THE PREMIUM CHARGED FOR | Approved this _____ day of _____, 20 ____ |
| THIS BOND IS: $ _____ | _____ Title |

NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony, payments, FINES, or Wage Law claims, nor can it be as a Bond on Appeal.

WHITE – ORIGINAL          YELLOW – AGENT COPY          PINK – DEFENDANT COPY          ASC-CA-006 (7/13)

1   JEFFREY S. ROSELL, DISTRICT ATTORNEY
    GRETCHEN DEIRDRE BROCK
2   ASSISTANT DISTRICT ATTORNEY
    STATE BAR NUMBER: 147609
3   COUNTY OF SANTA CRUZ
    701 OCEAN STREET, ROOM 200
4   SANTA CRUZ, CALIFORNIA 95060
    TELEPHONE: (831) 454-2400
5
6   ATTORNEYS FOR THE PEOPLE

**FILED**

DEC 02 2016

ALEX CALVO, CLERK
BY REYNA DE LA PAZ
DEPUTY, SANTA CRUZ COUNTY

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SANTA CRUZ

10

11   THE PEOPLE OF THE STATE OF CALIFORNIA,        Case # 16PR00012
                                                          DV
12                        Plaintiff,
                                                  **COMPLAINT - CRIMINAL**
13

14              -vs-
                                                  Date:     12/06/2016
15   MICHAEL EDWARD BOYD,                          Time:     08:30 a.m.

16   DOB: 08/26/1967                               Dept:         2

17                        Defendant(s).           Event:        ARR

18

19        JEFFREY S. ROSELL, District Attorney of the County of Santa

20   Cruz, State of California, accuses MICHAEL EDWARD BOYD of the

21   following crime(s) committed in the County of Santa Cruz, State of

22   California:

23   COUNT 1                                              Check Code

24        On or about 12/01/2016, in the above named Judicial District,

25   the crime of INJURING A SPOUSE, COHABITANT, FIANCÉ, BOYFRIEND,

26   GIRLFRIEND OR CHILD,S PARENT, in violation of PENAL CODE SECTION

27   273.5(a), a Misdemeanor, was committed by MICHAEL EDWARD BOYD, who

28   willfully inflicted corporal injury resulting in a traumatic

1   condition upon PATRICIA LEIGH PARANOURE, who was the Defendant's

2   spouse, thereby violating Section 273.5(a) of the Penal Code, a

3   Misdemeanor.

4

5   COUNT 2                                                    1 Yr.

6       On or about 12/01/2016, in the above named Judicial District,

7   the crime of **FALSE IMPRISONMENT (MISDEMEANOR), in violation of PENAL**

8   **CODE SECTION 236, a Misdemeanor**, was committed by MICHAEL EDWARD

9   BOYD, who did unlawfully violate the personal liberty of Patricia

10  Leigh Paranoure.

11

12      Therefore, complainant declares under penalty of perjury that

13  the foregoing is true and correct.

14  Executed on, December 2, 2016 at Santa Cruz, California.

15                          Respectfully submitted,

16                          JEFFREY S. ROSELL
                            DISTRICT ATTORNEY
17

18                          _____
                            GRETCHEN DEIRDRE BROCK
19                          ASSISTANT DISTRICT ATTORNEY

20  Agency #: SCSO 16-09567
    DA Log #: 16-12-194825-1
21  GB 12/02/2016

22

23

24

25

26

27  \\Scznas03\dat_damion\Production\Archive\2016\12\1\01588718.DAG

28                                2

**OFFICIAL RECEIPT**
Superior Court of California
County of Santa Cruz
701 Ocean Street
Santa Cruz, CA 95060
(831) 420-2200

Receipt No.   **2016-077822**
Transaction Date   12/22/2016
Payor
Michael E Boyd

| Description | Amount Paid |
|---|---|
| Miscellaneous Payment | |
| Criminal-Prepare Copy c | 6.00 |
| **SUBTOTAL** | **6.00** |
| **PAYMENT TOTAL** | **6.00** |
| Check (Ref #3768) Tendered | 6.00 |
| **Total Tendered** | **6.00** |
| Change | 0.00 |

| 12/22/2016 12:30 PM | Cashier Station SC0271 | Audit 5191254 |
|---|---|---|

**OFFICIAL RECEIPT**

1

## CERTIFICATE OF SERVICE

2 THE PEOPLE OF THE STATE OF CALIFORNIA, vs. MICHAEL E.BOYD

3 USDC, Northern California, Case No. _____

4 (County of Santa Cruz Superior Court Criminal Case No. 16-CR-08012)

5     I undersigned, declare that I am over the age of 18 and am not a party to this action.

6 On the date below I served a copy of the following document:  NOTICE OF REMOVAL

7 OF CRIMINAL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1455

8 (FEDERAL JURISDICTION)  and Exhibit A, B, and C therein on all interested parties in

9 said case not served via the Court's CM/ECF system addressed as follows:  I served the

10 documents by the following method(s):

11     ☒    U.S. MAIL.  The document(s) listed above were placed in a sealed envelope

12 with postage thereon fully prepaid, in the United States mail, addressed as set forth is:

13 CONOR MCCORMICK

14 Assistant District Attorney

15 701 Ocean St., Rm. 200

16 Santa Cruz, Ca 95060

17     I declare under penalty of perjury under the laws of the United States of America

18 that the foregoing is true and correct.

19     Michael E. Boyd        *Michael E. Boyd*

20         Print Name           Signature

21

22 Executed on this 22nd day of December 2016 at Hayward, California.

23

24

28

MICHAEL E. BOYD  REMOVAL